**Fred D. HUFFMAN, Petitioner,**

v.

**R. MOORE, Warden, etc., Respondent.**

**Civ. A. No. 2697.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 26, 1971.

Fred D. Huffman, pro se.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

MEMORANDUM OPINION, ORDER
AND CERTIFICATE

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus which was revived by the motion of the applicant. He claims that he is in the custody of the respondent pursuant to the judgment of the Criminal Court of Sullivan County, Tennessee, and that he was convicted thereunder in violation of his federal

constitutional right to be secure in his effects against unreasonable searches and seizures, Constitution, Fourth Amendment, as applicable to the states, Fourteenth Amendment. 28 U.S.C. § 2254 (a).

The applicant has exhausted the remedies available to him by any procedure under Tennessee law, by presenting the question presented here to the courts of Tennessee. 28 U.S.C. §§ 2254(b), (c). The respondent by answer has made a return, certifying the true cause of the applicant's detention and undertaking to show cause why the federal writ of habeas corpus should not be granted. 28 U.S.C. § 2243.

To the extent necessary to a decision herein, the facts may be stated succinctly. The applicant was convicted of the armed robbery of, and an assault with the intent to murder, Mr. Paul Hammonds. The evidence showed that the petitioner Mr. Huffman and Mr. Hammonds began conversing over beer in a tavern. They decided to go to a bootlegger's place. Instead they drove in Mr. Huffman's automobile to another place and parked in "lovers' lane". According to Mr. Hammonds, Mr. Huffman then pulled a gun on him; forced him to empty his pockets; punched him with the gun; took his wrist watch and contents of his pockets; advised Mr. Hammonds it was necessary to kill him; forced him to lie on the ground and punched him with the gun; forced him to remove his clothing a garment at a time until he was nude; and told him he must be killed for "the organization". Mr. Hammonds said he then lunged for the weapon, was hit and knocked down, and shot in the neck.

An acquaintance of Mr. Huffman testified that, after these alleged events, he asked her in the same tavern if she had heard about his shooting Mr. Hammonds, and that Mr. Huffman had said: "I wished I had of [sic] killed him." Mr. Huffman undertook to establish an alibi, that he was not at the place where, and at the time which, Mr. Hammonds claims Mr. Huffman robbed and assaulted him.

There was admitted in evidence against Mr. Huffman the aforementioned wrist watch, which officers testified they discovered after the alleged crimes concealed behind the dashboard of Mr. Huffman's automobile, and which Mr. Hammonds testified he thought was his. This search was conducted pursuant to an invalid search warrant and violated Mr. Huffman's federal right against unreasonable searches and seizures. *Supra.* See Huffman v. State of Tennessee, Tenn.C.Cr.App., 1970, citing, *inter alia,* Bumper v. North Carolina (1968), 391 U.S. 543, 550, 88 S.Ct. 1788, 20 L.Ed.2d 797, 803[9]. The Court of Criminal Appeals of Tennessee declared its belief that this error of federal constitutional proportions was harmless beyond a reasonable doubt, citing Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, and Erving v. Sigler, C.A.8th (1969), 413 F.2d 593.

■ As has been said by the Supreme Court,

* * * [N]ot all "trial errors which violate the Constitution automatically call for reversal." * * *

* * * * * *

* * * Our judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the [constitutionally infirm evidence] on the minds of an average jury. * * *

Harrington v. California (1969), 395 U.S. 250, 251–252, 254, 89 S.Ct. 1726, 1727, 1728, 23 L.Ed.2d 284, 286[2], 288[7]. The evidence supplied through the illegally seized wrist watch was merely cumulative of the direct evidence given by Mr. Hammonds and other pertinent witnesses for the prosecution. Conviction of Mr. Huffman did not rest on circumstantial evidence. The jurors obviously believed Mr. Hammonds and disbelieved the applicant's alibi witnesses. The testimony of Mr. Hammonds was overwhelming against Mr. Huffman. Thus, this Court also is able to declare a belief

that the federal constitutional error committed in the applicant's trial in the Criminal Court of Sullivan County, Tennessee on July 16–17, 1968 was harmless beyond a reasonable doubt.

 The respondent has shown that the applicant is not entitled to the federal writ of habeas corpus. 28 U.S.C. § 2243. Only issues of law are presented, and law and justice require that this matter be disposed of by dismissal of Mr. Huffman's application. Judgment will enter to that effect. Rule 58, Federal Rules of Civil Procedure.

 Should the applicant give timely notice of an appeal, he may proceed on appeal in forma pauperis without further authorization. Rule 24(a), Federal Rules of Appellate Procedure. His current detention arising out of process issued by a state court, any notice of appeal herein will be treated as a motion for a certificate of probable cause; and, in that event, this memorandum opinion and order shall be construed as such certificate. Rule 22(b), Federal Rules of Civil Procedure.